[No. 8,400. Department Two.—January 10, 1885.]

ANTHONY AMANN ET AL., RESPONDENTS, *v.* N. R. LOWELL, APPELLANT.

EVIDENCE — HEARSAY — DEPOSITION. — Answers to interrogatories contained in a deposition, if based upon statements made by other persons to the witness, are hearsay, and should be stricken out on motion.

PLEDGE—APPARENT OWNER.—Where goods are deposited in a warehouse in the name of an agent, who is apparently the owner thereof, a pledge of the goods by such agent as security for a loan is valid as against the real owner, if the pledgee acted in good faith, and without notice that the pledgor was not the owner.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover forty barrels of whisky or their value. The whisky in question was received in 1878 by E. W. Scott & Co., commission merchants in San Francisco, in the course of their business, on consignment from the plaintiffs, who were the real owners. Scott & Co. placed the whisky in the warehouse of the defendant, and thereafter, without the plaintiff's knowledge, pledged the whisky to the Nevada Bank of San Francisco, as security for a loan made to them at the time. The loan not being paid, the whisky was sold and its proceeds applied in payment. The further facts are stated in the opinion of the court.

*McAllister & Bergin*, for Appellant.

*Newmann & Eickhoff*, for Respondents.

SHARPSTEIN, J.—It appearing on the cross-examination of the witnesses, whose depositions were taken and read in evidence by the plaintiffs, that their answers to some of the direct interrogatories were based wholly upon statements made to them by persons other than the defendant, the motion of defendant's counsel to have said answers stricken out should have been granted.

If there was no evidence which tended to prove that the goods in controversy were pledged to the Nevada Bank, to secure an *antecedent* indebtedness, the instruction by the court to the jury, that one of the questions for them to determine was whether said goods were pledged to said bank to secure an antecedent indebtedness, was erroneous. Unless there was some evidence of the fact, there was no such question for the jury to determine, and the instruction was misleading. The evidence was that the goods were stored in the defendant's warehouse by E. W.

Scott & Co., as their property, and at their request defendant receipted to the cashier of the bank, and that the bank on that security lent E. W. Scott & Co. two thousand dollars. On that point there is no conflict in the evidence, and there is nothing in the evidence as we view it, which will justify the inference that the receipt was taken as security for an antecedent indebtedness.

Nor is there any evidence that the bank was not acting in good faith in taking said security, or that it had notice that E. W. Scott & Co. were not owners of the goods. On the contrary, the evidence is that it acted in good faith, and supposed that the firm with which it was dealing was the owner of the goods. In view of this, it was error to charge the jury that they would " also have to determine whether or not the bank in this matter acted in good faith, bona fide, and also whether it acted without notice that the agent making such contract had any authority to make the same, or without notice that he was acting mala fide, or in bad faith in respect thereof."

The instruction in regard to the lien which a factor has on goods consigned for advances, etc., on account of the consignment, was entirely foreign to any issue in the case. Neither party claimed that the consignees had any such lien, nor was there any evidence of any advances made or acceptances given, on account of the consignment. The defense was wholly based on the ground that the bank had lent money to the apparent owners of said goods, on a warehouse receipt for them. If that was done in good faith, and for advances made at the time, or after the security was taken, the transaction under the law then in force was a valid one. (Stats. 1877–8, p. 835.) In our opinion, the evidence raises no question as to the good faith of the bank, or as to the security being taken for money advanced on it at the time it was given.

Judgment and order reversed.

THORNTON, J., concurred.

MYRICK, J., concurring.—I concur in the judgment, for the reason that the verdict was not in accordance with the evidence. E. W. Scott & Co. received the whisky from plaintiffs with au-

thority to sell; the whisky was stored by Scott & Co. in the warehouse of defendant. The Nevada Bank loaned to Scott & Co. $2,000, and took the warehouse receipt as security. There is no evidence that the loan was for an antecedent debt, nor that it was not a *bona fide* loan, nor that the officers of the bank had notice that Scott & Co. were not authorized to make the pledge. Upon these points there is no substantial conflict in the evidence. Under such circumstances, the act of March 30, 1876 (Stats. 1877–8, p. 835), protects the pledgee.