[Criminal No. 88.    Filed January 12, 1894.]

[35 Pac. 1060.]

TERRITORY OF ARIZONA, Plaintiff and Respondent, v. HARRY HANCOCK, Defendant and Appellant.

1. CRIMINAL LAW—AGGRAVATED ASSAULT—INSTRUCTIONS—PREMEDITATED DESIGN—REV. STATS. ARIZ. 1887, PENAL CODE, PAR. 390, SUBD. 6, CITED.—An instruction that if the defendant made an assault upon the complaining witness with a deadly weapon, the jury might find him guilty of an aggravated assault is error, it failing to include the element of "premeditated design" necessary to constitute the offense under statute, *supra.*

2. SAME — SAME — SAME — READING STATUTORY DEFINITION — UNITED STATES V. ROMERO, *Post,* P. 193, FOLLOWED.—The reading of the statute defining the offense does not cure an erroneous instruction as to the elements of the crime.    *United States* v. *Romero, supra,* followed.

3. SAME—INSTRUCTIONS—READING STATUTE—RELEVANCY TO EVIDENCE— MISLEADING.—The reading of the whole section of the statute defining seven different circumstances under which a crime may be committed, many of which have no reference whatever to the evidence in the case, is error, as instructions should have some reference to the case made by the evidence; otherwise, they are calculated to confuse and mislead.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. Owen T. Rouse, Judge.    Reversed.

The facts are stated in the opinion.

E. J. Edwards, for Appellant.

The court charged the jury as to what constituted an assault with intent to commit murder, an assault with a deadly weapon, a simple assault, and an aggravated assault. The court charged on all seven of the circumstances under which

an assault might become aggravated, and in this the appellant claims error was committed.

If one circumstance had been alleged, it would have been error to charge on all or any of the others. *Kouns* v. *State,* 3 Tex. App. 13; *Ferguson* v. *State,* 4 Tex. App. 156; *McGregor* v. *State,* 4 Tex. App. 599; *Kennedy* v. *State,* 9 Tex. App. 399; *Hunt* v. *State,* 9 Tex. App. 404; *Reid* v. *State,* 9 Tex. App. 472; *Clubb* v. *State,* 14 Tex. App. 192.

The charge was calculated to mislead and cause the jury to consider other and different matter from that for which the defendant was indicted, as constituting the offense. The jury were told that there were seven different circumstances under which an assault might become aggravated, and the charge left them to speculate as to what one they would apply to the evidence.

Francis J. Heney, Attorney-General, for Respondent.

BAKER, C. J.—The appellant was indicted for assault with intent to commit murder, and convicted of an aggravated assault. The following instruction was given for the prosecution, the giving of which is assigned as error: "If you believe from the evidence beyond a reasonable doubt that the defendant, at any time within the time specified,—within five years next before the finding of the indictment,—made an assault upon Mrs. Huberkorn with a deadly weapon, then you might find by your verdict the defendant guilty of an aggravated assault." The charge in the indictment is, that the assault was made with a deadly weapon, and this instruction was doubtless drawn and given as if authorized by subdivision 6 of section 390 of the Penal Code, being one of seven circumstances under which the aggravated assault may be committed, which reads as follows: "When committed with a premeditated design and by use of means calculated to inflict great bodily injury." But there is an entire absence in the instruction of any reference to the "premeditated design" necessary to constitute the offense under this subdivision. The jury were told, in effect, that if the defendant made the assault with a deadly weapon, he was guilty of the offense of an aggravated assault, whether done with or without "premeditated design." The reading of the statute did

not cure the defect. This we decided in the case of *United States* v. *Romero, post,* p. 193, 35 Pac. 1059. The whole of section 390 of the Penal Code was read to the jury. This defines no less than seven different circumstances under which an aggravated assault may be committed, many of which have no reference whatever to the evidence in this case. Instructions ought to have some slight reference to the case made by the evidence. *People* v. *Roberts,* 6 Cal. 217. An instruction having no reference to the evidence is calculated to confuse and mislead. *Amann* v. *Lowell,* 66 Cal. 307, 5 Pac. 363. The judgment is reversed, and a new trial granted.

Sloan, J., and Hawkins, J., concur.

Rouse, J., not sitting.