NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAMIEN EUGENE BROOKS, *Appellant.*

No. 1 CA-CR 15-0227
FILED 3-8-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-440567-001
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

Damien Eugene Brooks, Tucson
*Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

**¶1**         This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Damien Eugene Brooks has advised the court that, after searching the entire record, counsel has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Brooks was given the opportunity to file a supplemental brief pro se, and has done so. This court has reviewed the record and has found no reversible error. Accordingly, Brooks' convictions and resulting sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**         In August 2013, Brooks and a woman entered a Kohl's Department Store in Glendale. Loss prevention staff became suspicious because the pair carried an empty backpack and placed expensive jeans and shoes, as well as other high-theft items, in a courtesy bag. Loss prevention staff monitored Brooks' behavior from the store's security office using closed-circuit television cameras. After filling the courtesy bag with more than $600 worth in merchandise, Brooks left the store with the bag and without paying for the merchandise.

**¶3**         After seeing Brooks leave the store without paying for the merchandise, M.B.[2] and two other loss prevention officers left the security office to apprehend Brooks. They caught up with Brooks in the parking lot and identified themselves as Kohl's loss prevention officers. Brooks turned towards M.B., pulled out a knife and said, "I got something for you." M.B.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997).

[2] Initials are used to protect the victims' privacy. *State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2 (App. 2003).

and the others then backed away from Brooks, and Brooks dropped the bag of merchandise and ran away.

¶4 Brooks ran into the street, heading for a car that was stopped at a traffic signal. A.T., the driver of the car, saw Brooks coming towards her and locked her doors. Brooks approached A.T.'s door, holding the knife where A.T. could see it, and tried to open A.T.'s door. When Brooks was unable to open the locked door, he began pounding on the roof of the car. Frightened by Brooks, A.T. began driving her car forward against the traffic signal.

¶5 Brooks then ran across the street and into the parking lot of a nearby bank. As Brooks rounded the building to the rear of the bank, he saw a car with its door open at the drive-up ATM. Brooks ran at the car with his knife in his hand and yelled, "Get out of the car. Get out of the car now." After recovering from the initial scare of being told at knife-point to get of her car, T.S., the owner and driver of the car, grabbed her purse and got out of her car. Brooks immediately got in the car and drove away.

¶6 A short while later, a Phoenix police officer spotted the stolen car. The officer pulled behind the stolen car and activated her lights and siren, but Brooks refused to pull over. After a short chase, Brooks lost control and rolled the stolen car while trying to evade police. Brooks was arrested at the scene and police found a knife in his possession.

¶7 Brooks was charged with three counts of aggravated assault, Class 3 dangerous felonies; shoplifting with an artifice or device, a Class 4 felony; attempted armed robbery, a Class 3 dangerous felony; armed robbery, a Class 2 dangerous felony; and theft of a means of transportation, a Class 3 felony. The superior court appointed counsel for Brooks, but Brooks expressed concerns with his representation. Brooks moved for new counsel, claiming his original attorney was ineffective. The court granted the motion and replaced his original attorney with a second attorney. Approximately two months later, Brooks again moved for new counsel, claiming his second attorney had "done nothing" and "told [Brooks] he was guilty." After two more motions for change of counsel, the court granted the motion and replaced his second attorney with a third attorney, who represented Brooks through the remainder of the case. During that time, Brooks submitted three separate motions for his third attorney to be replaced because she did not meet with him often enough, did not submit motions Brooks felt would benefit him, and did not ask trial witnesses questions Brooks suggested. With his third motion to replace his third attorney, filed after trial, Brooks also filed a complaint with the State Bar of

Arizona and claimed that complaint created a conflict of interest. The superior court denied Brooks' motions to have his third attorney replaced.

¶8        The State withdrew the theft of a means of transportation charge, but Brooks was convicted at trial of the remaining six charges. At sentencing, the superior court found the State had proven that Brooks had six prior felony convictions. At the State's request, the court did not sentence Brooks under the dangerous offenses statutes, although the jury had found Brooks guilty of dangerous crimes. Rather, the court sentenced Brooks for non-dangerous offenses as a category three repetitive offender. *See* Ariz. Rev. Stat. (A.R.S.) § 13-703 (2016).[3] The court sentenced Brooks to presumptive prison sentences of 11.25 years for counts 1, 3, 4 and 6; 10 years for count 2; and 15.75 years for count 5. Sentences for counts 1, 2, 3 and 4 were imposed concurrently with each other, with 577 days of presentence incarceration credit, while sentences for counts 5 and 6 were imposed concurrently with each other but consecutive to the sentences for counts 1 through 4. After a hearing, the superior court ordered Brooks to pay restitution in the amount of $250 to T.S. and $15,611.93 to T.S.'s insurance company. Brooks timely appealed his convictions and resulting sentences and restitution. This court has jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1), 13-4031, and -4033.

**DISCUSSION**

¶9        This court has reviewed and considered counsel's brief and appellant's pro se supplemental brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and briefs reveals no reversible error. The record shows Brooks was represented by counsel at all relevant stages of the proceedings. The evidence admitted at trial constitutes substantial evidence supporting Brooks' convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within the statutory limits and permissible ranges. Brooks raises several arguments in his pro se supplemental brief, which this court addresses in turn.

I.        **Sufficient Evidence Supported Brooks' Convictions.**

¶10        Brooks argues that his convictions for aggravated assault, armed robbery and attempted armed robbery were improper because he

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

never injured anyone or verbally threatened the victims. On appeal, this court looks for "substantial evidence from the entire record from which a rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Routhier,* 137 Ariz. 90, 99 (1983). "Substantial evidence is evidence that reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Cox,* 217 Ariz. 353, 357 ¶ 22 (2007) (citation omitted). If "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," substantial evidence supports the conviction. *Id.* at 357 ¶ 22 (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

**¶11** Evidence at trial showed that Brooks pulled out a knife then said to M.B., "I got something for you." He then ran at A.T., still brandishing the knife, tried to open her car door and then pounded on the roof of her car. Finally, he yelled at T.S. to get out of her car while still holding the knife where T.S. could plainly see it. All of the victims testified they were scared by the knife. On this record, sufficient evidence existed to support the jury's verdicts.

**¶12** Brooks also claims T.S. "perjured" herself because her trial testimony did not exactly match the statement she gave to police. Brooks, however, cross-examined T.S. regarding these alleged inconsistencies and it is for the jury, not for this court, to assess the credibility of witnesses. *See State v. Roberts*, 139 Ariz. 117, 121 (App. 1983). Moreover, this court will not reweigh evidence on appeal. *State v. Rodriquez*, 205 Ariz. 392, 397 ¶ 18 (App. 2003).

## II. Brooks' Sentences Do Not Constitute Cruel And Unusual Punishment.

**¶13** Brooks claims, without any supporting authority, that a 25-year prison sentence is considered a life sentence in Arizona, that his punishment is disproportionate to his crimes and accordingly violates the Eighth Amendment to the United States Constitution. The Eighth Amendment "'does not require strict proportionality between crime and sentence' but instead forbids only extreme sentences that are 'grossly disproportionate to the crime.'" *State v. Berger*, 212 Ariz. 473, 476 ¶ 13 (2006) (quoting *Ewing v. California*, 538 U.S. 11, 23 (2003)). To determine whether a sentence is so lengthy as to be cruel and unusual under the Eighth Amendment, this court "first determines if there is a threshold showing of gross disproportionality by comparing the gravity of the offense and the harshness of the penalty." *Id*. at 476 ¶ 12 (citation omitted). "A prison

sentence is not grossly disproportionate, and a court need not proceed beyond the threshold inquiry, if it arguably furthers the State's penological goals and thus reflects a rational legislative judgment, entitled to deference." *Id*. at 477 ¶ 17 (citation omitted). A sentencing enhancement based on repeat offenses has the legitimate penological goal of "incapacitating and deterring recidivist felons." *Ewing*, 538 U.S. at 29. Given these legitimate interests evidenced by statutory enactments, Brooks has not shown his presumptive 15.75-year sentence set to run consecutive to his 11.25-year presumptive sentence is cruel and unusual under the Eighth Amendment.

## III. The Superior Court Did Not Violate Brooks' Sixth Amendment Right to Counsel.

**¶14** Brooks argues the superior court violated his Sixth Amendment right to counsel by denying his motions to change counsel. This court reviews the denial of a request to substitute counsel for an abuse of discretion. *See Martel v. Clair*, 132 S. Ct. 1276, 1287 (2012). Brooks does not specify how the superior court's denial violated his rights, but instead lists a number of court cases without explaining how they apply or showing how the superior court abused its discretion. Brooks has not shown that his attorney was impeded by a conflict of interest, or by prejudice or bias, or that there was a breakdown of communication they could not overcome. Moreover, because Brooks had already expressed dissatisfaction with all three attorneys appointed for him, there was reason for the superior court to believe that the appointment of yet another attorney would not resolve the issues Brooks raised. Brooks has not shown that the court abused its discretion in refusing to appoint a fourth attorney.

## IV. Brooks' Rights Under The Fifth Amendment Due Process Clause Were Not Violated.

**¶15** Brooks argues his due process rights were violated because officers testified before the grand jury that Brooks pounded on A.T.'s window with his knife and physically pulled T.S. out of her car although the statements those victims gave officers did not reflect those details. Brooks claims his rights were further violated because the prosecutor had a duty to notify the court of the perjury and did not do so.

**¶16** Procedurally, Brooks failed to timely press this argument with the superior court. *See* Ariz. R. Crim. P. 12.9(a). Substantively, Brooks has failed to show that any erroneous evidence provided to the grand jury was material. *See* A.R.S. § 13-2701(1). Although A.T. did not testify that

Brooks pounded on her window with a knife, she did testify that she saw him running at her with a knife, that he tried to open her door and then pounded on her roof. Those facts are sufficient to support the charges involving A.T. Similarly, although T.S. did not testify that Brooks pulled her out of the car, she did testify that Brooks told her to get out of her car at knife point. Again, those facts are sufficient to support the charges involving T.S. Had the officers recounted the details of the victims' statements to the grand jury exactly as they testified at trial, that evidence was sufficient to support the relevant charges. Accordingly, Brooks has shown no due process violation.

## V.     The Superior Court Did Not Give An Erroneous Jury Instruction.

¶17        On the aggravated assault charges, the superior court instructed the jury that the "crime of assault requires the proof that the defendant intentionally put another person in reasonable apprehension of imminent physical injury" and "was aggravated by the defendant using a dangerous instrument." Citing *Territory v. Hancock*, Brooks asserts the court was required to instruct the jury that to be guilty of aggravated assault, the defendant must act "with a premeditated design." 4 Ariz. 154, 155 (1894). *Hancock*, however, was issued before the adoption of Arizona's criminal code and was interpreting a superseded penal code provision that defined aggravated assault as acting "with a premeditated design." *Id.* Brooks was convicted under A.R.S. §§ 13-1203-04, which has no such premeditation requirement. The language used in the jury instruction was accurate and reflects the statutory requirements applicable to these charges. Accordingly, the jury instruction on aggravated assault was not erroneous.

## VI.    The Superior Court Did Not Err In Ordering Brooks to Pay Restitution.

¶18        Brooks argues that his accomplice should be responsible for half of the restitution amount, meaning the court erred in ordering him to pay $15,861.93 in restitution. "If more than one defendant is convicted of the offense that caused the loss, the defendants are jointly and severally liable for the restitution." A.R.S. § 13-804(F). A defendant "may be held responsible for all of the damage or loss caused to a victim where criminal conduct was undertaken in concert with others." *State v. Lewis*, 222 Ariz. 321, 327 ¶ 18 (App. 2009) (citation omitted). Accordingly, Brooks has shown no error in the restitution order.

## VII.   Brooks' Sentences Do Not Constitute Double Punishment.

**¶19**        Brooks argues that his convictions on count 3, attempted armed robbery against A.T., and count 4, aggravated assault against A.T., and resulting concurrent sentences violate the prohibition of double punishment in A.R.S. § 13-116. He makes the same argument for his convictions and concurrent sentences on count 5, armed robbery against T.S., and count 6, aggravated assault against T.S. An "act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." A.R.S. § 13-116. Because the relevant convictions were under different sections of the law and the relevant sentences were concurrent -- counts 3 and 4 as to A.T. and counts 5 and 6 as to T.S. -- Brooks has shown no violation of A.R.S. § 13-116.

## VIII.   Brooks Was Not Sentenced Under An Ex Post Facto Law.

**¶20**        The United States Constitution prohibits Congress or any state from passing any "ex post facto law." Art. I § 9 cl. 3. An ex post facto law is one that makes illegal, or increases the punishment for, conduct that was taken before the passing of the law. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997). Brooks does not argue that the law was changed after he committed the acts for which he was convicted. Instead he argues the State violated his rights by electing to sentence him as a repeat offender under A.R.S. § 13-703, rather than as a first time dangerous offender under A.R.S. § 13-704. Because Brooks was sentenced under A.R.S. § 13-703 as it existed at the time of his offenses, he has shown no ex post facto violation. Moreover, the superior court properly may select between the dangerous and repetitive sentencing schemes for sentencing where both properly apply to a defendant. *State v. Trujillo*, 227 Ariz. 314, 322 ¶ 37 (App. 2011).

## CONCLUSION

**¶21**        This court has read and considered counsel's brief and Brooks' pro se supplemental brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Brooks' convictions and resulting sentences are affirmed.

**¶22**        Upon filing of this decision, defense counsel is directed to inform Brooks of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Brooks

shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama