NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRYAN JAMES LONG, *Appellant.*

No. 1 CA-CR 15-0567
FILED 2-16-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201500076
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Harriette P. Levitt, P.L.L.C., Tucson
By Harriette P. Levitt
*Counsel for Appellant*

Bryan James Long, Buckeye
*Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

**¶1**        Bryan James Long ("Appellant") appeals his convictions and sentences for burglary and two counts of criminal trespass. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has searched the record and found "no arguable issues on appeal." Appellant's counsel therefore requests that we review the entire record for error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, and Appellant has done so, raising one issue that we address.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1] Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

**¶3**        On January 22, 2015, a grand jury issued an indictment charging Appellant with Count I, burglary in the second degree, a class 3 felony, and two counts of criminal trespass in the first degree (Counts II and III), both class 6 felonies. *See* A.R.S. §§ 13-1507, -1504. The State further alleged that Appellant had three prior felony convictions committed on two

---

[1]     We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the dates of the crimes for which Appellant was convicted.

[2]     We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

occasions. The State later moved to add six aggravating factors as an addendum to the indictment.

**¶4**        The State presented the following evidence at trial: On November 28, 2014, K.B. visited his vacation home in Lake Havasu City. When K.B. approached to unlock the door, he noticed gouge marks on the door, indicating a possible attempted forced entry. Upon opening the door, he realized his home had been burglarized. K.B. called the police and waited for the arrival of police officers before reentering the home. After discovering pieces of a broken skylight, police officers concluded that someone had entered the home through the skylight over the kitchen. K.B. reported to the police officers that property was missing from throughout the home, including a television, a stereo system, tools, a shop vac, a table saw, and numerous other items.

**¶5**        Police officers searched the home for evidence of the identity of the person who had gained entry into the home. Detective Slack found broken pieces of the skylight on the roof. Detective Slack collected these plastic pieces as evidence and requested a lab analysis on them to search for fingerprints. She then moved into the kitchen, where she found five water bottles on the counter, and confirmed they were not left there by K.B. Detective Slack collected the water bottles and labeled them as evidence. She also entered the garage and took a picture of a shoeprint on the chrome fender of the boat trailer.

**¶6**        A criminalist at the Arizona Department of Public Safety's crime lab analyzed the fingerprints delivered by Detective Slack and determined the fingerprints from the skylight belonged to Appellant. Detective Christensen was given the results of the lab analysis indicating Appellant as the source of the fingerprints on the pieces of the skylight.

**¶7**        On approximately January 5 or 6, 2015, Detective Christensen enlisted the help of two other police officers to locate Appellant. On January 16, 2015, at approximately 5:30 p.m., those police officers pulled over a black Toyota. Appellant was a passenger in the black Toyota, and when the vehicle stopped, Appellant exited the vehicle and ran from the officers. Appellant ran through a residential area as the officers chased him on foot.

**¶8**        During the chase, Appellant entered the home of G.W. through the sliding back door. Appellant saw G.W.'s wife, and breathing heavily, Appellant laid on the floor and asked for water. By that time, G.W. had entered the room, and he demanded Appellant leave his home. When

G.W. opened the front door to get help from his neighbor, Appellant left G.W.'s home through the back door. A police officer found Appellant hiding under a pickup truck shortly thereafter. After Appellant was arrested, swabs of his DNA were sent to the crime lab. The criminalist compared the DNA swabs from Appellant with DNA found on the water bottles at K.B.'s home. The criminalist concluded that the DNA found on the water bottles came from Appellant.

¶9        Police found Appellant's vehicle, an older model pickup truck, in the area where he was apprehended. The vehicle was later towed to the Lake Havasu City Police Department. A search of Appellant's pickup pursuant to a warrant produced a number of items belonging to K.B., including the shop vac, the table saw, a blanket belonging to K.B.'s daughter, and various tools. Police also found a shoe in the bed of the pickup truck. A criminalist compared the shoe found in Appellant's pickup truck with the photo of the shoe print taken from K.B.'s boat trailer. The criminalist positively identified the shoe found in Appellant's pickup truck bed as the shoe that made the shoe print on K.B.'s boat trailer.

¶10        The jury found Appellant guilty as charged of burglary in the second degree and two counts of criminal trespass in the first degree. As aggravating factors, the jury found that K.B. suffered emotional or financial harm, and that G.W. suffered emotional harm.

¶11        After finding that Appellant had two historical prior felony convictions for sentencing purposes, the trial court sentenced Appellant to concurrent, aggravated terms of fifteen and four years' incarceration for Counts I and II, respectively, with credit for 209 days of presentence incarceration. The court also ordered that Appellant pay restitution to K.B. in the amount of $11,998.72. The court sentenced Appellant to four years' incarceration for Count III, to begin upon completion of the sentence imposed for Count I. Appellant filed a timely notice of appeal.

**ANALYSIS**

¶12        Appellant raises one argument in his supplemental brief.

    I.    *Witness Testimony*

¶13        Appellant argues Sergeant Hayden's testimony was not credible because his testimony conflicted with statements allegedly made

4

by the driver of the black Toyota during a pretrial interview.[3] Appellant alleges that, in the interview, the driver of the black Toyota stated that she had spoken with Sergeant Hayden. At trial, however, Sergeant Hayden testified that he did not speak to the driver of the black Toyota.

**¶14** The jury, as the fact finder, has the duty to determine the credibility of each witness and to decide the proper weight to give the witness's testimony. *See State v. Cox*, 217 Ariz. 353, 357, ¶ 27, 174 P.3d 265, 269 (2007); *State v. Clemons*, 110 Ariz. 555, 556-57, 521 P.2d 987, 988-89 (1974). We will not independently determine the credibility of witnesses or the facts, but defer to the jury's assessment of those matters. *See State v. Fimbres*, 222 Ariz. 293, 300, ¶ 21, 213 P.3d 1020, 1027 (App. 2009). In this case, the jury had the opportunity to weigh the evidence presented by Sergeant Hayden during the trial and assess his credibility during direct and cross-examination. No error occurred in admitting Sergeant Hayden's testimony, and the fact that the trial court did so did not deprive Appellant of a fair trial.

    *II.*     *Other Issues*

**¶15** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdicts. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶16** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

---

[3] The driver of the black Toyota did not testify at trial, and a copy of her interview was not made a part of the record.

## CONCLUSION

¶17　　　　Appellant's convictions and sentences are affirmed.



**Ruth A. Willingham** · **Clerk of the Court**
**F I L E D**: ama