NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RACHEL BOYS SPRY, *Appellant.*

No. 1 CA-CR 16-0363
FILED 5-2-2017

Appeal from the Superior Court in Yuma County
No. S1400CR201300520
The Honorable John Neff Nelson, Judge (Retired)

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

**D O W N I E**, Judge:

¶1        Rachel Boys Spry appeals her conviction for endangerment. For the following reasons, we modify the endangerment conviction to reflect that it is a class one misdemeanor.  We otherwise affirm Spry's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        Three-year-old D.N. and his younger brother lived with their parents.  Spry, who is D.N.'s grandmother, previously lived in the home but was asked to move because she owned a gun, and D.N.'s mother did not want guns in the home.

¶3        After being asked to retrieve her personal items, Spry arrived at the home with a gun in her backpack.  D.N. asked to use the bathroom while Spry was in that room, and Spry gave the boy permission to do so.  While in the bathroom, D.N. fatally shot himself with Spry's gun.  A search of Spry's backpack revealed the gun and its magazine, candy, a methamphetamine pipe, and a Sucrets box containing a rolled-up baggie with a crystal-like substance.  Spry told police officers she had put the gun back in the backpack after D.N. shot himself.

¶4        Spry was charged with second-degree murder, misconduct involving weapons, possession of dangerous drugs, possession of drug paraphernalia, and endangerment.  A jury found her guilty of all charges except second-degree murder; as to that charge, she was convicted of the lesser-included offense of negligent homicide.  Spry was sentenced to two consecutive 2.5-year prison terms and three concurrent 36-month terms of probation upon her release from prison.

¶5        Spry timely appealed, challenging only her endangerment conviction.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4033(A)(1).

## DISCUSSION

¶6        Spry was charged with recklessly endangering D.N. with a substantial risk of imminent death based on the presence of methamphetamine in her backpack.  Jurors, however, found Spry guilty of endangerment with a substantial risk of physical injury, not death.[1]

¶7        Spry challenges the sufficiency of the evidence to support the endangerment conviction.  "We review the sufficiency of evidence presented at trial only to determine whether substantial evidence supports the jury's verdict, 'viewing the facts in the light most favorable to sustaining the jury verdict.'"  *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (citation omitted).  Substantial evidence is evidence that "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt."  *Id.*

¶8        "A person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury."  *State v. McGill*, 213 Ariz. 147, 152, ¶ 17 (2006) (quoting A.R.S. § 13-1201(A)).  As relevant here, a person acts recklessly if she is "aware of and consciously disregarded a substantial and unjustifiable risk" that her "actions would place another person in substantial risk." *Id.*; *see also* A.R.S. § 13-105(10)(c) (defining recklessly).

¶9        The trial evidence was sufficient to establish that the crystal-like substance found in Spry's backpack was methamphetamine. Although the substance was not tested, it was in a clear plastic baggie, and testimony established that methamphetamine is typically packaged in that fashion.  Spry's backpack also contained a methamphetamine pipe with residue, indicating prior use.  A blood test revealed that Spry had methamphetamine in her system, and testimony established she was under the influence of methamphetamine when interrogated after the shooting.

¶10        Substantial evidence supports the determination that Spry recklessly endangered D.N. with a substantial risk of imminent physical injury.  Her backpack was accessible to the young child, who had, on a

---

[1]        Spry incorrectly argues in her opening brief that the verdict forms did not require jurors to state whether they found her guilty of endangering D.N. by creating a risk of imminent death or a risk of imminent physical injury.

prior occasion, gotten into the backpack and "pulled out a pipe." D.N.'s mother had confronted Spry about that incident. Because the child could have seen candy along with the methamphetamine in her backpack, jurors could reasonably conclude there was a substantial risk that D.N. would ingest the methamphetamine under the mistaken belief it was candy.

¶11 As the State concedes, however, the court improperly treated the endangerment count as a class six felony at sentencing. Because the jury found Spry guilty of creating a substantial risk of physical injury, as opposed to death, she was guilty of a class one misdemeanor, and we modify her endangerment conviction to so reflect. *See* A.R.S. § 13-1201(B) ("Endangerment involving a substantial risk of imminent death is a class 6 felony. In all other cases, it is a class 1 misdemeanor."). Re-sentencing is not required because 36 months of supervised probation is within the legal range for a class one misdemeanor, *see* A.R.S. § 13-902(A)(4), (5), and the 36-month probation term runs concurrent with the probation terms imposed for Spry's convictions for possession of dangerous drugs and possession of drug paraphernalia.

**CONCLUSION**

¶12 For the reasons stated, we modify Spry's endangerment conviction to reflect that it is a class one misdemeanor. In all other respects, we affirm Spry's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA

4