NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TOMAS FIGUEROA PATINO, JR., *Appellant.*

No. 1 CA-CR 16-0666
FILED 11-7-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-154349-001
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Margaret H. Downie (retired) joined.

_____

**B R O W N**, Judge:

¶1        Tomas Figueroa Patino appeals his conviction and sentence for armed robbery, arguing the jury's verdict was not supported by substantial evidence.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Patino and his accomplice entered a store together.  While there, the two men stayed together and were observed speaking to one another.  Both selected various clothing items but Patino carried all the items as they walked around the store.  J.F., a store employee, suspected the two men were planning to steal the clothes so he locked the door even though the store was not scheduled to close for another 20 minutes.  When Patino's accomplice eventually indicated he wanted to leave, J.F. unlocked the door.  As soon as he stepped outside, Patino's accomplice grabbed the door and held it open, lifted up his shirt to reveal what J.F. described as the handle of a gun tucked in his waistband, and told J.F. not to try anything.  Seconds later, Patino exited the store with an armful of clothes, triggering an alarm because the sensors had not been removed.

¶3        The store's video surveillance system recorded Patino and his accomplice stealing the clothing items, but did not reveal the presence of a weapon.  In an interview with Officer Schneider, Patino admitted to stealing clothes from the store but refused to identify his accomplice.  When asked about a weapon, Patino responded in part that "his hom[ie] did not have a gun, he had a knife."

¶4        A jury convicted Patino of armed robbery, a class two felony. The superior court found that Patino had at least two prior felony convictions and sentenced him to 15.75 years as a non-dangerous, repetitive offender.  Patino then filed this timely appeal.

**DISCUSSION**

**¶5**        We review a claim of insufficient evidence *de novo*, although our review is limited to whether substantial evidence exists to support the verdict. *State v. West*, 226 Ariz. 559, 562-63, ¶¶ 15, 19 (2011). "Substantial evidence is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004). Thus, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Direct and circumstantial evidence are given equal probative value. *See State v. Bible*, 175 Ariz. 549, 560, n.1 (1993). "[W]e view the evidence in the light most favorable to sustaining the verdict, and we resolve all inferences against the defendant." *Davolt*, 207 Ariz. at 212, ¶ 87.

**¶6**        Robbery is the taking of another person's property against his or her will and from his or her "person or immediate presence." Ariz. Rev. Stat. ("A.R.S.") § 13-1902(A). Robbery also requires the use, or threatened use, of force with the "intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." *Id.* As relevant here, armed robbery occurs when, during a robbery, a person *or an accomplice* is "armed with a deadly weapon or a simulated deadly weapon." A.R.S. § 13-1904(A)(1). "[A]n accomplice is one who knowingly and with criminal intent participates, associates, or concurs with another in the commission of a crime." *State v. McNair*, 141 Ariz. 475, 480 (1984); *see also* A.R.S. § 13-301.

**¶7**        Patino concedes that he and "an unknown accomplice" intended to rob the store, but argues no substantial evidence exists to prove he intended to participate in an *armed* robbery. Thus, we understand Patino's argument as challenging the sufficiency of the evidence on the distinguishing element between robbery and armed robbery—the presence of a deadly weapon. *See State v. Hargrave*, 225 Ariz. 1, 12, ¶¶ 34, 36 (2010) (explaining that "armed robbery" includes all the elements of robbery and an additional element—"the presence of a weapon"). Additionally, Patino appears to contend there is insufficient evidence to show he is liable under a theory of accomplice liability because he did not know his accomplice would commit armed robbery. *See State v. Wall*, 212 Ariz. 1, 5, ¶ 20 (2006) (explaining that we must look to the intent of the accomplice to aid the main actor, not the intent of the main actor).

¶8 The State did not present evidence that Patino possessed a deadly weapon or dangerous instrument during the robbery. Instead, the State's evidence showed that Patino's accomplice had a knife or a gun, either of which constitute a deadly weapon or dangerous instrument. *See State v. Schaffer*, 202 Ariz. 592, 595, ¶ 9 (App. 2002) (stating that guns and knives are inherently dangerous as a matter of law and thus are deadly weapons or dangerous instruments). Therefore, the jury could convict Patino of armed robbery under A.R.S. § 13-1904 only if it found Patino intentionally participated in the commission of armed robbery. *See McNair*, 141 Ariz. at 480.

¶9 In *McNair*, the defendant and another man, Turner, pulled into a gas station in the same car. 141 Ariz. at 478. When the gas station attendant turned to retrieve an item, Turner hit him with a jack, causing him to fall to the ground. *Id.* at 479. The defendant and Turner then stole money from the attendant and drove away in the same car. *Id.* A jury convicted the defendant of armed robbery, and on appeal he argued he was not an accomplice to that crime. *Id.* Our supreme court upheld the conviction, finding that "[s]ufficient evidence existed from which the jury could find that the defendant was an accomplice and guilty of the crime of armed robbery." *Id.* at 481.

¶10 Like *McNair*, the evidence here is sufficient to support Patino's conviction of armed robbery under the theory that Patino's accomplice was armed with a deadly weapon. *See State v. Anderson*, 210 Ariz. 327, 342, ¶ 54 (2005) ("A defendant need not personally use or threaten to use the deadly weapon if an accomplice does so."). Patino and his accomplice drove to and entered the store together. Both remained by each other in the store, selected clothing items together, and communicated with one another. Although Patino was the only one that left the store carrying the stolen clothes, his accomplice was seen placing clothing items in his arms. As soon as they exited the store, they went straight to the car they arrived in and drove off together. J.F. testified that he saw the handle of a gun tucked in the accomplice's waistband. Moreover, Patino told Officer Schneider that his accomplice had a knife. Therefore, sufficient evidence exists in the record to support Patino's conviction for armed robbery.

¶11 Finally, the State notes that the sentencing minute entry incorrectly states that Patino was convicted of a "non-dangerous" offense because dangerousness is implicit in armed robbery. The State, however, did not file a cross-appeal raising this issue. Assuming the sentencing minute entry should be corrected, we do not have the power to take such action. *See State v. Dawson*, 164 Ariz. 278, 286 (1990) ("Our power to correct

an illegal sentence to correspond to a verdict is predicated on an appeal by the state.").

## CONCLUSION

¶12　　　　Based on the foregoing, we affirm Patino's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:　AA