NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

ALAN MICHAEL AMMAN, *Appellant.*

No. 1 CA-CR 19-0306
FILED 3-26-2020

Appeal from the Superior Court in Yavapai County
No. V1300CR201880305
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Stephen L. Duncan, PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

¶1         Alan Michael Amman appeals his conviction and sentence for one of five felony counts of sexual conduct with a minor.  He argues the jury had insufficient evidence to find him guilty.  We affirm the jury's verdict.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Amman moved in with his brother, his brother's girlfriend and her minor daughter ("victim") in June 2017.  Amman had sexual intercourse and oral sex with the victim in September 2017.  He was 24 years old.  She was 15 years old and he knew it.  The sexual relationship continued.  Amman moved out in May 2018.  Just weeks later, Amman asked the victim to "run away with him," and threatened to overdose on heroin if she refused.  The victim agreed, but was heard leaving the house and found with Amman at a local motel.

¶3         Amman was arrested and later indicted on five counts of sexual conduct with a minor.  A jury found him guilty on each count.  The superior court sentenced Amman after denying his motion for a directed verdict under Rule 20.  Amman appealed.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(a)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶4         Amman argues that his conviction on one of five counts was unsupported by sufficient evidence.  We review the sufficiency of the evidence to sustain a criminal conviction de novo, viewing the evidence in the light most favorable to sustaining the jury verdict, *State v. Bible*, 175 Ariz. 549, 595 (1993).  We will affirm unless there is a "complete absence of probative facts to support the conviction."  *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (citing *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

**¶5**         Amman challenges the evidence on a count of sexual conduct with a minor, which requires proof that Amman knowingly engaged in sexual intercourse or oral sexual contact with a person under 18 years old. A.R.S. § 13-1405(A).

**¶6**         The jury heard substantial evidence to find Amman guilty on this count, which involved oral sexual contact.  The victim testified at trial. She described the incident in detail, including the date and location, explaining she performed oral sex on Amman after he gave her a "hard time" for never doing so.  She also confirmed that Amman knew she was a minor.

**¶7**         Amman challenges the victim's credibility on appeal, arguing she did not immediately remember the incident at trial.  But the victim did recall and fully recount the incident after a few moments.  Beyond that, the jury weighs the evidence and assesses witness credibility.  *State v. Cox*, 217 Ariz. 353, ¶ 27 (2007).  We do not reweigh the evidence or reassess the credibility of witnesses on appeal.  *State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013).

## CONCLUSION

**¶8**         We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA