NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CRAIG TANNER HARRINGTON, *Appellant.*

No. 1 CA-CR 22-0612
FILED 10-19-2023

---

Appeal from the Superior Court in Mohave County
No. S8015CR202101478
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Ashley Torkelson Levine
*Counsel for Appellee*

Harris & Winger, P.C., Flagstaff
By Sarah Nicole Snelling
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

**M c M U R D I E**, Judge:

**¶1**        Defendant Craig Tanner Harrington appeals his conviction of misconduct involving weapons, a Class 4 felony. He argues the superior court erred by denying his Arizona Rules of Criminal Procedure ("Rule") 20 motion because sufficient evidence did not support the conviction. We affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**        Around 3:00 a.m. in December 2021, Deputy Eduardo Lopez responded to a call from a camper. The camper called 9-1-1 after he awoke to around 50 to 100 gunshots roughly 100 yards north of his campsite in a desert area. When responding to the call, Lopez saw a black Jeep leaving the desert area. Lopez recognized the Jeep's driver as Harrington. Lopez also knew that Harrington was a prohibited possessor. Based on the camper's 9-1-1 call and the Jeep's suspended license plate, Lopez stopped Harrington.

**¶3**        The Jeep belonged to Harrington's girlfriend. A passenger with Harrington later stated they were shooting in the desert. Using a flashlight, Lopez saw targets in the back seat that appeared to have been used. When asked, Harrington explained that he had picked up the used targets in the desert. Lopez also saw a tan rifle case, a black chest, and an apparent rifle's buttstock in the open portion of the black chest. Lopez testified there was a space between the rear seats and the Jeep's roof that allowed Harrington to see into the rear portion of the Jeep from the driver's seat.

**¶4**        Harrington denied having rifles in the Jeep. Lopez asked the passenger if he had the keys to the chest. The passenger said he did not.

---

[1]        We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

Lopez found the key to the locked chest on a key ring in Harrington's left front pocket. Lopez opened the black chest in the back of the Jeep and found an AR-15 assault-style rifle. Lopez also discovered a second AR-15, another rifle, and two handguns in the rear of the Jeep. In addition, he found magazines, ammunition, night vision goggles, ear protection, flashlights, and gloves.

¶5 The grand jury charged Harrington with misconduct involving weapons by possessing a deadly weapon while being a prohibited possessor. At the jury trial, the parties stipulated that Harrington was a prohibited possessor, but Harrington argued he did not knowingly possess the weapons. After the State rested in its case-in-chief, Harrington moved for a judgment of acquittal under Rule 20. The superior court denied the motion, finding sufficient evidence to allow the jury to decide the case. The jury convicted Harrington of one count of misconduct involving weapons. The superior court found that Harrington was a Category 3 repetitive offender and sentenced him to ten years' imprisonment, a presumptive term.

¶6 Harrington appealed his conviction and sentence, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

**DISCUSSION**

¶7 We review the denial of a Rule 20 motion and a claim of insufficient evidence *de novo. State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). Rule 20 requires the court to enter a judgment of acquittal "if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20(a)(1). Substantial evidence is "more than a mere scintilla." *State v. Mathers*, 165 Ariz. 64, 67 (1990). And to determine whether substantial evidence exists, we consider both direct and circumstantial evidence. *West*, 226 Ariz. at 562, ¶ 16. The relevant question is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mathers*, 165 Ariz. at 66 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

¶8 To convict Harrington of misconduct involving weapons, the State had to prove that Harrington (1) knowingly (2) possessed (3) a deadly weapon or prohibited weapon and (4) was a prohibited possessor. *See* A.R.S. § 13-3102(A)(4). Because the parties stipulated that Harrington was a prohibited possessor, the only question before the jury was whether Harrington knowingly possessed the firearms.

¶9            To "possess" means to "knowingly . . . have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13-105(34). A person's exercise of "dominion or control over property" may be proven by circumstantial evidence. *State v. Gonsalves*, 231 Ariz. 521, 523, ¶¶ 9-10 (App. 2013). But mere presence where a prohibited item is located is not, by itself, sufficient to show the person knowingly exercised dominion or control over the item. *Id.*

¶10          Harrington contends there was insufficient evidence that he possessed the weapons. He emphasizes that the *Bustamante* and *Gonsalves* courts found constructive possession partly because the weapon at issue was essential to committing another crime. *See State v. Bustamante*, 229 Ariz. 256, 260, ¶ 12 (App. 2012); *Gonsalves*, 231 Ariz. at 525, ¶¶ 19–20. Harrington purports to distinguish his case from those by noting that the weapons here were not used to commit another crime. But that difference is immaterial. Evidence of use is not essential to prove possession. *See, e.g.*, *State v. Cox*, 217 Ariz. 353, 357, ¶¶ 27–28 (2007) (defendant possessed a prohibited weapon not used in another crime). To prove constructive possession of a firearm in a vehicle, the State need only prove that a defendant knew the firearm was in the vehicle and exercised control over it. *Id.* at 357, ¶ 26.

¶11          The State offered substantial evidence of the required elements. The record shows that the prohibited weapons were in the back of the Jeep. Although the Jeep belonged to his girlfriend, Harrington had driven it multiple times. And Lopez testified that the rear of the Jeep was visible from the driver's seat.

¶12          As for Harrington's control over the firearms, the key to the chest containing the prohibited weapons was on a key ring in Harrington's pocket. Further, other physical evidence suggested Harrington was shooting the prohibited weapons in the desert as Lopez discovered magazines, ammunition, night vision goggles, ear protection, flashlights, and gloves in the Jeep. The passenger stated that he and Harrington were shooting weapons in the desert. And Harrington admitted to possessing the used targets.

¶13          Harrington argues that because no physical evidence was admitted, like the firearms, photos of the firearms, or residue or fingerprint testing results, there is insufficient evidence that he knowingly possessed the weapons. Even so, "physical evidence is not required to sustain a conviction if the totality of the circumstances demonstrates guilt beyond a reasonable doubt." *State v. Hall*, 204 Ariz. 442, 454, ¶ 49 (2003).

¶14      Based on the evidence presented, a jury could reasonably conclude that Harrington knew the weapons were in the Jeep and had control over them. Because there was sufficient evidence to support a guilty verdict, the superior court did not err by denying the Rule 20 motion.

## CONCLUSION

¶15      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA