NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTIE ANN NISHITE-CALARA, *Appellant.*

No. 1 CA-CR 24-0419

FILED 10-31-2025

Appeal from the Superior Court in Maricopa County
No.  CR2023-120055-001
The Honorable David W. Garbarino, Judge

**AFFIRMED AS MODIFIED**

APPEARANCES

Christie Ann Nishite-Calara, Goodyear
*Appellant*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge D. Steven Williams delivered the Court's decision, in which Judge Andrew M. Jacobs and Judge Michael S. Catlett joined.

---

**W I L L I A M S**, Judge:

¶1 Christie Ann Nishite-Calara appeals her convictions and sentences for two counts of theft of means of transportation, one count of possession of a dangerous drug, and one count of possession of drug paraphernalia. Nishite-Calara's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law. Nishite-Calara filed a supplemental brief. After reviewing her brief and the record, we affirm her convictions and sentences as modified.

## FACTUAL AND PROCEDURAL HISTORY

¶2 We view the facts in the light most favorable to sustaining the jury's verdicts and resolve all reasonable inferences against Nishite-Calara. *State v. Fierro*, 254 Ariz. 35, 38, ¶ 2 (2022).

¶3 On May 9, 2023, while responding to a report of a stolen trailer, police spotted a car with a damaged windshield towing a trailer secured with ropes. Nishite-Calara was the car's driver. She was accompanied by four passengers. When police stopped and questioned Nishite-Calara about the trailer and the car's damaged windshield, she gave conflicting statements, initially blaming her ex-husband, then her fiancé, for the damaged windshield. She claimed the trailer belonged to an ex-boyfriend whose name she could not recall and stated the passengers were friends helping her move.

¶4 Police arrested Nishite-Calara after confirming the car she was driving was reported stolen. While in custody, she stated "Mexican" "guys" gave her the car and expressed frustration when the passengers were released.

¶5 Police found a plastic bag with a crystalline substance in Nishite-Calara's pocket. They also found two blue pills in the car—one on

the driver's seat and one on the floorboard. Forensic testing confirmed the crystalline substance was methamphetamine and the pills were fentanyl.

¶6        The State charged Nishite-Calara with two counts of theft of means of transportation for the car and the trailer (counts 1 and 2), class 3 felonies, one count of possession of a dangerous drug (methamphetamine) (count 3), a class 4 felony, one count of possession of a narcotic drug (fentanyl) (count 4), a class 4 felony, and one count of possession of drug paraphernalia (count 5), a class 6 felony. A.R.S. §§ 13-1814(A)(1), -3407(A)(1), -3408(A)(1), -3415(A). The case was tried by jury. At trial, the State called five witnesses to testify: the owners of the car and the trailer, two responding police officers, and a forensic scientist. The State also presented body camera footage of the responding officers' encounter with Nishite-Calara.

¶7        At the close of the State's case-in-chief, the trial court denied Nishite-Calara's motion for a directed verdict on all charges under Arizona Rule of Criminal Procedure 20. The jury acquitted Nishite-Calara of possession of a narcotic drug but convicted her on all other charges. The jury also found the following aggravating factors: (1) Nishite-Calara was on felony probation at the time of the offenses; (2) she committed the theft offenses as consideration for the receipt of anything of pecuniary value; and (3) she caused financial harm to the victims.

¶8        At sentencing, the trial court found Nishite-Calara was a category 3 repetitive offender with two prior felony convictions. A.R.S. § 13-703(C). The court also found mitigating factors, including Nishite-Calara's drug addiction and remorse; and balanced the aggravating with the mitigating factors. The court sentenced her to presumptive terms of 11.25 years imprisonment for both counts 1 and 2, 10 years imprisonment for count 3, and 3.75 years imprisonment for count 5, with no presentence incarceration credit.[1] A.R.S. § 13-703(J). The court also ordered $300 in restitution for count 2. A.R.S. § 13-804(A).

¶9        Nishite-Calara timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A), 13-4031, and -4033.

---

[1]        Nishite-Calara did not receive any presentence incarceration credit because she was given credit for an unrelated matter which was consecutive to her sentence imposed on appeal.

**DISCUSSION**

¶10 Nishite-Calara raised two issues in her supplemental brief. She first contends she could not have stolen the car because she was incarcerated on May 5, (the date she asserts appears in the charging documents and on body camera footage). Her argument is unavailing because other record evidence confirms the car was stolen on May 6, and she was arrested on May 9 while she was driving the car.

¶11 Nishite-Calara next argues police did not question the passenger seated behind her after she told them he had a weapon and forced her to drive the car. The evidence presented at trial, including the two officers' testimony and their body camera footage, does not support her contention. Rather, she told police the passengers were friends helping her move. Additionally, police did not find any weapons on any of the passengers.

¶12 In any event, Nishite-Calara raised a similar argument at trial and cross-examined the officers on that basis. During cross-examination, she suggested police should have suspected the passengers' involvement in the theft based on their observations, such as Nishite-Calara's inconsistent statements, her visible frustration when they were released, and the considerable effort required to tie the trailer to the car. The officers testified they found no evidence that anyone forced Nishite-Calara to drive the car. As such, Nishite-Calara is asking us to reweigh the evidence and assess the officers' credibility, which this court does not do. *See State v. Brock*, 248 Ariz. 583, 592, ¶ 22 (App. 2020) (holding the appellate court does not "reweigh conflicting evidence nor assess the credibility of witnesses"); *State v. Cox*, 217 Ariz. 353, 357, ¶ 27 (2007) ("[T]he credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury."). Viewing the officers' testimony and body camera footage in the light most favorable to upholding the jury's verdicts, there is substantial evidence to support Nishite-Calara's convictions. *Fierro*, 254 Ariz. at 38, ¶ 2.

¶13 Finally, we note a discrepancy between the trial court's oral pronouncement and the sentencing order. The oral pronouncement incorrectly imposed a $1,970 drug-offense fine and standard fees to Nishite-Calara for an unrelated matter, but the sentencing order attributed the fees as to count 3. A.R.S. §§ 13-3407(H), 12-116. Accordingly, we modify the sentencing order by removing those fees. *See State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (explaining the discrepancy between oral pronouncement of sentence and written minute entry is generally controlled by oral

pronouncement and reviewing court will correct minute entry if record clearly identifies intended sentence).

¶14        The record reflects the superior court provided Nishite-Calara with her constitutional and statutory rights and conducted proceedings compliant with the Arizona Rules of Criminal Procedure. Nishite-Calara was present and represented by counsel at all critical stages. The State presented evidence to support the jury's verdict, and the sentence imposed was within the statutory guidelines. *See* A.R.S. §§ 13-702(A), (D), -1504(A)(1), (B).

## CONCLUSION

¶15        We affirm Nishite-Calara's convictions and sentences as modified.

¶16        Unless defense counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review, his obligations regarding Nishite-Calara's appeal will end after informing her of the outcome and her future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Nishite-Calara has thirty days from the date of this decision to proceed with an *in propria persona* petition for review to the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.21. Upon this Court's own motion, we grant Nishite-Calara thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR